IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARL D. HARRIS,

    Plaintiff,

  vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. CIV S-06-2734-CMK

ORDER

Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Judgment was entered on February 27, 2008, remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Pending before the court is plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (hereinafter EAJA), 28 U.S.C. § 2412(d) (Doc. 27).

**Background**

The Social Security Administration originally denied plaintiff's claim for Social Security Disability and/or Supplemental Security Income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. and 1381 *et seq*. His request for reconsideration was also denied. A hearing was held before an Administrative Law Judge (ALJ), who also denied plaintiff's disability benefits. This action followed the ALJ's decision.

**Discussion**

The EAJA authorizes an award of "fees and other expenses" to a prevailing party in a case against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995). The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. In other words, the government's position must have had a reasonable basis both in law and fact. See id. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores v. Shalala, 49 F.3d 562, 570 (9th Cir. 1995)).

/ / /

In this case the Commissioner claims no EAJA attorney fees should be awarded to plaintiff because the government's position was reasonably justified. He argues that his factual position, that plaintiff failed to present evidence showing that he was treated for sleep apnea and that his chronic renal insufficiency (CRI) was a severe impairment, was substantially justified. While this may be true, the court has expressed no opinion as to whether plaintiff was entitled to a remand based on a factual analysis. The court's decision was based on a legal, not factual, error. In order for the defendant's position to be substantially justified, his position must have had a reasonable basis both in law and fact.

The ALJ was required to consider the combined effect of <u>all</u> of plaintiff's impairments on his ability to function, without regard to whether each impairment alone would have been sufficiently severe. <u>See</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1289-90 (9th Cir. 1996). The court found the ALJ's failure to address two of plaintiff's alleged impairments, sleep apnea and CRI, constituted reversible legal error. The defendant's position that the ALJ properly considered all of plaintiff's impairments, and found that they were not "severe" impairments, did not address the requirement that the ALJ consider the combination of all of plaintiff's impairments, and develop the record fully. While there may have been a sufficient factual basis for the ALJ to find these two impairments were not severe, either singularly or in combination with plaintiff's other impairments, the problem was that he failed to address them in his decision. The court found the ALJ should have addressed the evidence, or lack there of, regarding these impairments, and should have more fully developed the record in some manner prior to rendering his decision. The error was in the ALJ's failure to address the impairments, not in a factual analysis of them.[1] The defendant's position that the ALJ properly address all of plaintiff's impairments was not substantially justified.

---

[1] As the court stated in it's opinion, the ALJ failed to develop the record as to plaintiff's complaint of a sleeping disorder and CRI, and the ALJ simply ignored these medical complaints in his decision. The ALJ's decision only noted that the record lacked the results of a sleep apnea test and that there was no evidence of end organ damage related to plaintiff's CRI.

3

In opposition to the motion for EAJA attorney fees, defendant does not argue that his position had a reasonable basis in law as well as fact, and the court finds it did not. As the government has not met its burden to show its position was substantially justified, the court finds the award of EAJA attorney fees is appropriate. The question then becomes whether the amount of attorney fees the plaintiff is claiming is reasonable.

"This court has discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing part." <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1398 (9th Cir. 1992) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983)); see also <u>INS v. Jean</u>, 496 U.S. 154 (1990) (the district court's determination of what fee is reasonable under the EAJA is the same as the standard in <u>Hensley</u>). The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The rates submitted by plaintiff's counsel are adjusted to account for cost of living increases–a rate of $161.85 per hour for services provided in 2006, and $163.75 per hour for services provided in 2007-2008. To support these adjustments, plaintiff's counsel cites the United States Department of Labor's Consumer Price Index, which according to the Ninth Circuit, constitutes proper proof of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than the statutory cap. See <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1148 (9th Cir. 2001). The Commissioner does not challenge the hourly rates proposed by plaintiff's counsel. The court's own review of the plaintiff's evidence indicates that the figures are accurate. Accordingly, the court finds that the hourly rates proposed by plaintiff's counsel are reasonable.

Defendant argues that plaintiff has not met his burden to show that all of the fees he seeks are reasonable. Plaintiff's counsel requests a total of $6,922.25 for 42.3 hours of work.[2] Defendant specifically takes issue with the 36.3 hours plaintiff's counsel spent preparing

---

[2] Counsel originally requested 41.3 hours, for a total of $6,758.50. However, in reply to the opposition of her fee request, she is requesting an additional hour for drafting the reply.

4

the complaint and motion for summary judgment in this routine disability case. He argues that the attorney fee request should be reduced by at least 12.3 hours.

Plaintiff's counsel spent 2.3 hours in the preliminary review of the case, reviewing the requested referral, interviewing plaintiff, obtaining in forma pauperis status, drafting the compliant, and submitting the service documents. She then spent 35.5 hours reviewing the answer and record, conducting legal research, reviewing the record (consisting of over 350 pages), drafting the motion for summary judgment and reviewing the opposition. Another 3.5 hours were then spent reviewing the court's decision, discussing the decision with her client, drafting her fee request, and then her fee petition. An additional hour was spent drafting the reply to the fee request.

Defendant does not specify which part of the 36.3 hours plaintiff's counsel spent that he is objecting to. Reviewing counsel's description of services performed, it appears to the court that defendant is objecting to the time spent between December 2006 through October 18, 2007. According to counsel's log, this time included drafting the compliant, reviewing the fee waiver order and scheduling documents, submitting the service forms, reviewing the answer, conducting legal research, reviewing the record, drafting the motion for summary judgment, and reviewing the defendant's cross-motion. Defendant has suggested cutting the time down by 12.3 hours, but does not specify where the court should trim this time from.

The court will therefore review each category separately. Counsel spent 0.8 hours drafting the complaint, reviewing the fee waiver order, and submitting the necessary forms for service. She then spent 0.5 hours reviewing the answer. 5.5 hours were spent conducting legal research on CRI and sleep apnea as well as reviewing the 350-plus page record. Drafting the motion for summary judgment, and performing the final edit on said motion, took counsel 29 hours. Finally, 0.5 hours were used in reviewing defendant's cross-motion. Broken down, the court does not find any of the hours spent were unreasonable. The bulk of counsel's time (29 hours) was spent drafting the 35-page motion.

District courts have found that spending between 20 and 40 hours on a social security case that is not particularly difficulty is a reasonable amount of time. See Harden v. Comm'r Social Security, 497 F. Supp.2d 1214, 1215-1216 (D. Or. 2007), Patterson v. Apfel, 99 F. Supp.2d 1212, 1215 n. 2 (N.D. Cal. 2000) (citing several cases). The 42.3 hours counsel is requesting in this case is on the high end of this scale, but not outrageously excessive. Plaintiff's request is for 39.55 hours for the time counsel spent working on the merits of this case. The additional 2.75 hours plaintiff is requesting is for counsel's time spent requesting fees. Reducing the amount of time counsel spent on this case by 12.3 hours, as requested by the defendant, would essentially allow counsel only 16.7 hours for drafting and editing a 35-page motion for summary judgment, a task plaintiff's counsel indicated actually took 29 hours. The court finds no basis for doing so. Plaintiff's request for 42.3 hours of attorney time (39.55 hours on the merits and 2.75 hours requesting fees) is reasonable, and falls within the normal range allowed by the courts.

Accordingly, IT IS ORDERED that plaintiff's counsel's request for attorney fees (Doc. 27) is granted in the amount of $6, 922.25.

DATED: March 19, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE